**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

TERRENCE SPIDELL DURHAM                                        PETITIONER
Reg. #82686-179

v.                                    2:26-cv-00027-DPM-JJV

CHARLES HUMPHREY, Warden,
FCC Forrest City Camp                                          RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D.P.

Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  Your objections must be received in the office of the United States District Court Clerk

no later than fourteen (14) days from the date of this recommendation.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

**DISPOSITION**

## I.      INTRODUCTION

Petitioner Terrence Spidell Durham, an inmate at the Federal Correctional Institution –

Forrest City Low, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §

2241.  (Doc. Nos. 1-2.)  He alleges the Bureau of Prisons ("BOP") has violated the First Step Act

of 2018 and the Second Chance Act of 2007, as well as his due process and equal protection rights,

by failing to transfer him to prerelease custody.  (Doc. No. 1 at 8-14.)  After careful consideration

of Mr. Durham's Petition and Memorandum of Law in Support as well as the Response (Doc. No. 16), I recommend the Petition be dismissed without prejudice.

## II.    BACKGROUND

In 2022, Mr. Durham was convicted in the United States District Court for the Southern District of Texas of attempt to possess with intent to distribute five kilograms or more of cocaine. (Doc. No. 16-1 at 1.)  He was sentenced to 100 months' imprisonment followed by five years' supervised release.  (*Id.* at 2-3.)  His projected release date, after application of the maximum number of First Step Act time credits toward his early release to supervised release, is May 11, 2028.  (Doc. No. 16-2 at 3.)  *See also* https://www.bop.gov/inmateloc/ (accessed Apr. 8, 2026).

Mr. Durham is projected to earn an additional 460 days of First Step Act credits to be applied toward transfer to prerelease custody, resulting in a conditional placement date of February 6, 2027.  (Doc. No. 16-2 at 3.)  Additionally, Mr. Durham has undergone the individualized five-factor review required under the Second Chance Act for placement in a residential reentry center or home confinement.  (Doc. No. 16-4 at 2.)  His unit team recommended 365 days under the Second Chance Act, making his recommended placement date May 12, 2027.  (*Id.*; Doc. No. 16-2 at 3.)  Taking both the projected First Step Act credits and the Second Chance Act recommendation together, Mr. Durham's "best case scenario" for his conditional transition to the community is February 6, 2026.  (Doc. No. 16-2 at 3.)

Mr. Durham points out that this "conditional transition to community" date has already passed, and he claims the BOP has failed to conduct the individualized five-factor review and refer him for placement in a residential reentry center.  (Doc. No. 1 at 1-2.)  Respondent Charles Humphrey, Warden of the FCI – Forrest City Low, counters that the First Step Act credits are projected, not yet earned, and that BOP did perform the required Second Chance Act review and

made a referral for placement; according to Respondent, Mr. Durham is currently scheduled to be transferred on June 4, 2026. (Doc. No. 16 at 4-5.)

As a threshold issue, however, Respondent also argues that this Court lacks jurisdiction over Mr. Durham's claim. (*Id*. at 2-3.) Respondent is correct.

## III.    ANALYSIS

The essence of habeas corpus is "an attack by a person in custody upon the legality of that custody," and the traditional function of the writ "is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). If a prisoner is not challenging the validity of his conviction or the length of his detention, "then a writ of habeas corpus is not the proper remedy," and the district court lacks jurisdiction to issue a writ. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam); *see also Spencer v. Haynes*, 774 F.3d 467, 469-71 (8th Cir. 2014).

Mr. Durham does not challenge the validity of his conviction, nor does he seek a remedy that would result in an earlier release from detention. Rather, he seeks placement in prerelease custody, which would change only the place of his confinement and would not alter the fact or duration of his imprisonment. *See, e.g.*, *Reaves v. Garrett*, No. 2:24-cv-00177-BSM-ERE, 2025 WL 890147 (E.D. Ark. Mar. 21, 2025), *report and recommendation adopted*, 2025 WL 1118580 (E.D. Ark. Apr. 15, 2025) (citing *U.S. v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021) (treating placement in home confinement as changing an inmate's place of imprisonment); *Elwood v. Jeter*, 386 F.3d 842, 847 (8th Cir. 2004) (noting BOP's agreement that community correctional facilities are places of imprisonment)). The United States Court of Appeals for the Eighth Circuit has recently made clear that prerelease custody is still detention. *Fortner v. Eischen*, ___ F.4th ___, 2026 WL 708735, at 3 (8th Cir. Mar. 13, 2026). And as the Court explained in *Fortner*, "[i]f [Mr. Durham] receives the remedy he seeks, he would still be detained for the same length of time,

though he would serve the detention in a different location with better conditions." *Id*. at 2.

Accordingly, habeas jurisdiction is lacking.[1]

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Durham's § 2241 Petition for Writ of

Habeas Corpus (Doc. Nos. 1-2) be DISMISSED without prejudice and the requested relief be

DENIED.

DATED this 8th day of April 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Given Mr. Durham's admission that he did not exhaust his administrative remedies (Doc. No. 1 at 14-15), I do not recommend recharacterizing his habeas petition as a conditions-of-confinement claim. *See Spencer*, 774 F.3d at 471; 42 U.S.C. § 1997e(a) (requiring exhaustion of administrative remedies in action challenging prison conditions). Dismissal without prejudice will allow Mr. Durham the opportunity to file a conditions-of-confinement claim after completing the administrative remedy process.